# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17-CV-401 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| NINE THOUSAND FIVE HUNDRED EIGHTY DOLLARS IN UNITED STATES CURRENCY ($9,580.00), et al., | : | |
| Defendants. | : | |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture. The instant motion seeks a default judgment against Nine Thousand Five Hundred Eighty Dollars in United States Currency ($9,580.00) (Defendant 1), Five Hundred Twenty-Five Dollars in United States Currency ($525.00) (Defendant 2), Alexander Okwuoha, Eric Malcolm, and all other persons and entities who might have an interest in Defendants 1 and 2 ("defendant currency").

The United States filed a Complaint for Forfeiture *in Rem* on November 22, 2017. (Doc. 1.) Task Force Officer Frederick D. Zollers of the Federal Bureau of Investigation verified the Complaint, which sets forth the United States' basis for forfeiting the defendant currency. (*Id.*)

The United States brought this civil action *in rem* against the defendant currency to enforce the provisions of 21 U.S.C. § 881(a)(6), alleging that the defendant currency represents property furnished or intended to be furnished by any person in exchange for a controlled

substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

A Warrant of Arrest in Rem, issued by the Court on November 29, 2017, directed the United States Marshals Service ("USMS"), any duly authorized law enforcement officer, or their delegate(s) to arrest the defendant currency. (Doc. 3.) In accordance with the Warrant of Arrest in Rem, the USMS arrested the defendant currency, bringing it within the jurisdiction of the Court. (Docs. 4, 5.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). In this case, the United States has sent direct notice of this action with a copy of the complaint to all known potential claimants.

On December 4, 2017, the USMS personally served direct notice of this civil forfeiture action and a copy of the complaint on potential claimant Alexander Okwuoha at the Warren Correctional Institute. (Doc. 13, Exhibit B.)

On February 12, 2018, the United States sent direct notice and a copy of the complaint by FedEx to potential claimant Eric Malcolm, through his attorney Aaron G. Durben, who represents the potential claimant in a related criminal case. (*Id.*, Exhibit C.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil

forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on November 30, 2017, for 30 consecutive days. (Doc. 12.)

On March 29, 2018, the Clerk of this Court filed an Amended Entry of Default against Nine Thousand Five Hundred Eighty Dollars in United States Currency ($9,580.00) (Defendant 1), Five Hundred Twenty-Five Dollars in United States Currency ($525.00) (Defendant 2), Alexander Okwuoha, Eric Malcolm, and all other persons and entities who might have an interest in the defendant currency for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 16.)

No person or entity has filed a claim to the defendant currency or an answer to the complaint relating to the defendant currency, and the time to do so has expired.

Therefore, it is hereby ORDERED that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, 18 U.S.C. § 983(a)(4)(A) and (B), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a default judgment is granted to the United States against the following:

1. Nine Thousand Five Hundred Eighty Dollars in United States Currency ($9,580.00) (Defendant 1);

2. Five Hundred Twenty-Five Dollars in United States Currency ($525.00) (Defendant 2);

3. Alexander Okwuoha;

4. Eric Malcolm; and

5. All other persons and entities who might have an interest in Defendants 1 and 2 for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, AND DECREED that:

1. All right, title, and interest in the defendant currency, Nine Thousand Five Hundred Eighty Dollars in United States Currency ($9,580.00) (Defendant 1) and Five Hundred Twenty-Five Dollars in United States Currency ($525.00) (Defendant 2), is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846;

2. All right, title, and interest in the defendant currency is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The United States or an authorized agent thereof shall dispose of the defendant currency in accordance with the law; and

4. The Court shall retain jurisdiction to enforce the terms of this Order.

April 6, 2018                                    s/Thomas M. Rose
                                                 _____
                                                 THOMAS M. ROSE
                                                 UNITED STATES DISTRICT JUDGE