IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17-CV-401 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| NINE THOUSAND FIVE HUNDRED EIGHTY DOLLARS IN UNITED STATES CURRENCY ($9,580.00), et al., | : | |
| Defendants. | : | |

## SECOND DECREE OF FORFEITURE

[ ] **Jury verdict.** This action came before the Court for a trial by Jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** The action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

[x] **Decision by Court.** This action was decided without a trial or hearing.

This matter comes before the Court on the motion of the United States for a second decree of forfeiture against the following property ("defendant firearms"):

1. A Sun City Machinery, Model Stevens 320, 12-Gauge Shotgun, Serial Number 130884E (Defendant 3);

2. A Zastava C.A.I., Model PAP M92PV, 7.62 Caliber Rifle, Serial Number M92PV022161, with Magazine (Defendant 4);

3. A Glock, Model 23, 40 Caliber Pistol, Serial Number MMG197, with Magazine (Defendant 5); and

4. A Glock Model 27, 40 Caliber Pistol, Serial Number RWL367, with Magazine (Defendant 6).

The United States filed a Verified Complaint for Forfeiture on November 22, 2017.

(Doc. 1.) Task Force Officer Frederick D. Zollers of the Federal Bureau of Investigation verified the Complaint, which sets forth the United States' basis for forfeiting the defendants. (*Id.*)

The United States brought this civil forfeiture action *in rem* against the defendant firearms to enforce the provisions of 21 U.S.C. § 881(a)(11), alleging that the defendant firearms were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) (controlled substances). (*Id.*)

A Warrant of Arrest in Rem, issued by the Court on November 29, 2017, directed the United States Marshals Service ("USMS"), any duly authorized law enforcement officer, or their delegate(s) to arrest the defendant firearms. (Doc. 3.) In accordance with the Warrant of Arrest in Rem, the Federal Bureau of Investigation arrested the defendant firearms, bringing them within the jurisdiction of the Court. (Docs. 8-11.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). In this case, the United States has provided direct notice of this action with a copy of the complaint to all known potential claimants.

On December 1, 2017, the United States sent direct notice and a copy of the complaint by certified mail to potential claimant Jay Bakhshi, through his attorney Michael T. Columbus, who represented the potential claimant in a related administrative proceeding. (Doc. 13, Exhibit A.)

On December 4, 2017, the USMS personally served direct notice of this civil forfeiture action and a copy of the complaint on potential claimant Alexander Okwuoha at the Warren Correctional Institute. (*Id.*, Exhibit B.)

On February 12, 2018, the United States sent direct notice and a copy of the complaint by FedEx to potential claimant Eric Malcolm, through his attorney Aaron G. Durden, who represented the potential claimant in a related criminal case. (*Id.*, Exhibit C.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on November 30, 2017, for 30 consecutive days. (Doc. 12.)

Jay Bakhshi filed a timely Claim (Doc. 6) and Answer (Doc. 7) in this civil forfeiture action, asserting an interest in the defendant firearms. On June 21, 2018, the United States met with Mr. Bakhshi and counsel to allow the claimant to inspect the defendant firearms. Upon inspection, Mr. Bakhshi realized that the defendant firearms were not the same ones that had been stolen from him during a home burglary and that he was not the owner of the defendant firearms.

On June 28, 2018, Jay Bakhshi dismissed his Claim to the defendant firearms with prejudice. (Doc. 19.)

No other person or entity has filed a claim to the defendant firearms or an answer to the complaint relating to the defendant firearms, and the time to do so has expired.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. All right, title, and interest in the defendant firearms is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(11) because the defendant firearms were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) (controlled substances);

2. All right, title, and interest in the defendant firearms is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The United States or an authorized agent thereof shall dispose of the defendant firearms in accordance with the law;

4. The Court shall retain jurisdiction to enforce the terms of this Order; and

5. This case is terminated on the docket of this Court.

August 22, 2018 \*s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE